IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF NORTH CAROLINA
WESTERN DIVISION
No. 5:15-CV-253-D

| | | |
|---|---|---|
| KIMBERLY HAYES, | ) | |
| | ) | |
| Plaintiff, | ) | |
| | ) | |
| v. | ) | **ORDER** |
| | ) | |
| CAROLYN W. COLVIN, | ) | |
| Acting Commissioner of Social Security, | ) | |
| | ) | |
| Defendant. | ) | |

On July 6, 2016, Magistrate Judge Gates issued a Memorandum and Recommendation ("M&R") [D.E. 25]. In that M&R, Judge Gates recommended that this court deny plaintiff's motion for judgment on the pleadings [D.E. 17], grant defendant's motion for summary judgment [D.E. 19], and affirm defendant's final decision. On July 20, 2016, plaintiff filed objections to the M&R [D.E. 26]. On August 3, 2016, defendant responded [D.E. 27].

"The Federal Magistrates Act requires a district court to make a de novo determination of those portions of the magistrate judge's report or specified proposed findings or recommendations to which objection is made." Diamond v. Colonial Life & Accident Ins. Co., 416 F.3d 310, 315 (4th Cir. 2005) (emphasis, alteration, and quotation omitted); see 28 U.S.C. § 636(b). Absent a timely objection, "a district court need not conduct a de novo review, but instead must only satisfy itself that there is no clear error on the face of the record in order to accept the recommendation." Diamond, 416 F.3d at 315 (quotation omitted).

The court has reviewed the M&R, the record, and plaintiff's objections. As for those portions of the M&R to which plaintiff made no objection, the court is satisfied that there is no clear error on the face of the record.

The court has reviewed de novo the portions of the M&R to which plaintiff objected. The scope of judicial review of a final decision regarding disability benefits under the Social Security Act, 42 U.S.C. § 405(g), is limited to determining whether substantial evidence supports the Commissioner's factual findings and whether the Commissioner applied the correct legal standards. See, e.g., Walls v. Barnhart, 296 F.3d 287, 290 (4th Cir. 2002); Hays v. Sullivan, 907 F.2d 1453, 1456 (4th Cir. 1990). Substantial evidence is evidence which a "reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971) (quotation omitted). It "consists of more than a mere scintilla of evidence but may be less than a preponderance." Smith v. Chater, 99 F.3d 635, 638 (4th Cir. 1996). This court may not reweigh the evidence or substitute its judgment for that of the Commissioner. See, e.g., Hays, 907 F.2d at 1456. Rather, in determining whether substantial evidence supports the Commissioner's decision, the court's review is limited to whether the Commissioner analyzed the relevant evidence and sufficiently explained her findings and rationale concerning the evidence. See, e.g., Sterling Smokeless Coal Co. v. Akers, 131 F.3d 438, 439–40 (4th Cir. 1997).

Plaintiff's objections restate the arguments made to Judge Gates concerning the ALJ's analysis of Listing 1.04 Disorders of the Spine, Listing 1.02 Major Dysfunction of a Joint, and plaintiff's RFC. Compare [D.E. 26] 2–6, with M&R 4–28.[1] Specifically, plaintiff argues that Judge Gates "erred in confirming the ALJ's determination that plaintiff does not meet or medically equal Listing

---

[1] Plaintiff's objections also mention Listing 11.09 Multiple Sclerosis. See [D.E. 26] 2. Plaintiff never made any allegation about Listing 11.09 or multiple sclerosis to the ALJ or Judge Gates. See [D.E. 27] 2 & n.1; cf. M&R 1–28 (not mentioning multiple sclerosis). Plaintiff's objections also refer to "Mr. Mery's RFC." See [D.E. 26] 6–7. The court did not locate any other mention of Mr. Mery in the record. Apparently, plaintiff's counsel erroneously copied language concerning Listing 11.09 Multiple Sclerosis and Mr. Mery's RFC from another case into the objections for this case. The objection is overruled.

2

1.04 ..., Listing 1.02 ..., and Listing 11.09." See [D.E. 26] 2–5. Plaintiff also objects to the ALJ's finding that plaintiff's RFC permits her to perform sedentary work subject to certain limitations. See id. 5–6; cf. M&R 5. However, both Judge Gates and the ALJ applied the proper legal standards concerning the listings and the RFC. Moreover, substantial evidence supports the ALJ's analysis. See M&R 4–14, 24–28. Accordingly, the court adopts the M&R and overrules the objections.

In sum, plaintiff's objections to the M&R [D.E. 26] are OVERRULED, plaintiff's motion for judgment on the pleadings [D.E. 17] is DENIED, defendant's motion for summary judgment [D.E. 19] is GRANTED, defendant's final decision is AFFIRMED, and this action is DISMISSED. The clerk shall close the case.

SO ORDERED. This \_11\_ day of August 2016.

JAMES C. DEVER III
Chief United States District Judge

3